UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENISSA CARMEL PATTERSON,

                      Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                      Defendant.

Case No. 3:11-cv-06052-KLS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff has brought this matter for judicial review of the Appeals Council's dismissal of her request for review of defendant's decision to grant her application for supplemental security income ("SSI") benefits. This matter is currently before the Court on defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. See ECF #13. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing defendant's motion, plaintiff's response thereto and the remaining record, the Court hereby finds that for the reasons set forth below defendant's motion should be granted.

## STANDARD OF REVIEW

Although not specifically designated as such, defendant's motion to dismiss is properly seen as one made pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1). See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (challenge to court's subject matter jurisdiction is "treated as brought under" Fed. R. Civ. P. 12(b)(1), "even if improperly identified

ORDER - 1

by the moving party as brought under" Fed. R. Civ. P. 12(b)(6)); see also Corrie v. Caterpillar, Inc., 503 F.3d 974, 980 (9th Cir. 2007) (motion to dismiss attacking substance of complaint's jurisdictional allegations treated as if brought under Fed. R. Civ. P. 12(b)(1)). Thus, because the subject matter jurisdiction of the Court is being challenged by defendant in his motion to dismiss, the merits of that motion shall be analyzed under the standards governing those brought pursuant to Fed. R. Civ. P. 12(b)(1).

Unlike motions to dismiss for failure to state a claim upon which relief can be granted brought pursuant to Fed. R. Civ. P. 12(b)(6), "a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair, 880 F.2d at 201; see also Corrie, 503 F.3d at 980. The party opposing the motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) then must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." St. Clair, 880 F.2d at 201. Thus, it is not an abuse of the Court's discretion to consider such "extra-pleading material," even when "necessary to resolve factual disputes." Id.

The Court may not decide the issue of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) if "the jurisdictional issue and the issue on the merits are . . . factually so 'completely intermeshed,' that 'the question of jurisdiction is dependent on decision of the merits.'" Id. at 202 (citations omitted). In this case, however, these issues are not so intermeshed as to preclude the Court exercising its judicial review authority under Fed. R. Civ. P. 12(b)(1). See id. (because "the issue of ripeness has nothing to do with the merits of [a claim], . . . a district court errs if it submits the issue to the jury").

Lastly, as is true for motions brought pursuant to Fed. R. Civ. p. 12(b)(6), "all disputed

ORDER - 2

facts" are to be "resolved in favor of the non-moving party." Costco v. United States, 248 F.3d 863, 865-66 (9th Cir. 2001); Murphy v. Schneider National, Inc., 362 F.3d 1133, 1139 (9th Cir. 2004); McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000) (court favorably views facts alleged to support jurisdiction); United States v. One 1997 Mercedes, E420, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999) ("Because the court is reviewing in part an order granting in part and denying in part a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), all allegations of material fact stated in the complaint are taken as true and construed in the light most favorable to the nonmoving party.").

## FACTUAL AND PROCEDURAL HISTORY

On May 8, 2008, plaintiff filed an application for SSI benefits, which was denied upon initial administrative review. See ECF #14, p. 2; ECF #14-2, p. 7. On August 13, 2008, plaintiff retained Charles W. Talbot as her current legal counsel, upon which a request for reconsideration was filed, which also resulted in a denial of plaintiff's application. See ECF #14, p. 2; ECF #15-1, p. 1. A request for a hearing before an administrative law judge ("ALJ") was filed on October 22, 2008, and one was scheduled for June 7, 2010, in Seattle, Washington. See ECF #14-2, p. 4; ECF #15-1, p. 1.

Prior to the scheduled hearing, Mr. Talbot sent a letter to the designated ALJ requesting that additional medical records be obtained, and informing the ALJ that plaintiff would attempt to establish eligibility for disability insurance benefits, by establishing she was disabled prior to her date last insured. See ECF #15-1, pp. 1-2, Exhibits 1-3. At the hearing held on June 7, 2010, "the issue of eligibility for [disability insurance] benefits was discussed and it was recognized that this was a 'remote onset case,'" i.e., "[a] case where there is a substantial period of time between the alleged onset date and the date of application for disability benefits." ECF #15-1, p.

ORDER - 3

2 and n.1. The ALJ "decided that in order to establish a remote onset, a medical expert was needed at the hearing," and thus continued the hearing to secure one. Id., p. 2, Exhibit 4.

Via letter dated June 29, 2010, Mr. Talbot informed the ALJ that plaintiff "had moved to California to reside with her family because of her deteriorating health condition." Id. On July 6, 2010, Mr. Talbot was notified that plaintiff's case had been transferred to the Office of Disability Adjudication and Review ("ODAR") in Orange County, California, due to her change of residence from the State of Washington to the State of California. Id., p. 2, Exhibit 5. Another hearing before a different ALJ in California was scheduled by that ODAR for October 22, 2010. Id., p. 2, Exhibit 6. Mr. Talbot's request to represent plaintiff via video conferencing at the scheduled hearing – due to her inability to afford the cost of his travel to California to represent her in person – was denied. Id., pp. 2-3, Exhibit 7.

Because of this denial, Mr. Talbot referred plaintiff to other legal counsel, who agreed to represent her and who appeared at the October 22, 2010 hearing. Id., p. 3. Plaintiff's application for SSI benefits was granted by the ALJ in a decision dated November 10, 2010. ECF #14, p. 3; ECF #14-1; ECF #15-1, p. 3. That decision contained no mention or discussion of the attempt by plaintiff to claim and establish eligibility for disability insurance benefits prior to and at the first administrative hearing. See ECF #14-1; ECF #15-1, p. 3. Nor is there any evidence in the record that the ALJ in California was presented with or otherwise made aware of this issue of eligibility for disability insurance benefits. See ECF #14-1; ECF #15-1, pp. 3-4, Exhibit 9.

On December 14, 2010, plaintiff signed a form appointing Mr. Talbot her representative, which was sent to the Riverside California office of the Social Security Administration ("SSA") that same day, and which was received by that office on December 20, 2010. See ECF #15-1, p. 3, Exhibit 8. On December 30, 2010, Mr. Talbot sent the Appeals Council a letter requesting

ORDER - 4

review of the California ALJ's decision, pointing out the disability insurance benefits eligibility issue and seeking remand for a hearing on and further consideration of that issue. See Exhibit 15-1, p. 4, Exhibit 9. The Appeals Council received that request on January 3, 2011. See id.

On October 19, 2011, the Appeals Council dismissed the request for review, stating in relevant part as follows:

> The Appeals Council has determined that Charles W. Talbot was not a party to the Administrative Law Judge's decision in this case (20 CFR 416.1432); is not an appointed representative of the claimant; and, that his rights with respect to benefits were not adversely affected by the Administrative Law Judge's decision and would not be adversely affected by any decision the Council might make.
>
> Specifically, Charles W. Talbot is the claimant's former representative, but not her current representative. The claimant's signature was not included in the request for review that he submitted, and there is no indication from the current representative that the claimant wanted to request review.
>
> Accordingly, the request for review filed by Charles W. Talbot, is hereby dismissed under 20 CFR 416.1467 because he is not a proper party.

ECF #15-1, Exhibit 10. In a letter dated November 9, 2011, which was received by the Appeals Council on November 15, 2011, Mr. Talbot outlined the above history of this case and requested that the dismissal of the request for review be withdrawn. ECF #15-1, p. 4, Exhibit 11. To date, no response to that letter has been received. ECF #15-1, p. 5.

On December 24, 2011, plaintiff filed her complaint in this Court, alleging that the reasons the Appeals Council gave for denying her request for review were contrary to the evidence, that her request should not have been summarily dismissed and therefore that her due process rights were violated. See ECF #1-#3. In addition to requiring defendant to file an answer to the complaint and a certified copy of both the transcript of record and the documentation of her attempt to seek Appeals Council review of the California ALJ's decision, plaintiff also requests that this matter be remanded for another hearing before an ALJ "to consider her claim

ORDER - 5

that she was disabled" for purposes of determining eligibility for disability insurance benefits. ECF #3, p. 4.

On February 28, 2012, defendant filed his motion to dismiss, noting it for consideration on March 20, 2012 (ECF #13), and on March 15, 2012, plaintiff filed her response thereto (ECF #15). Defendant has not filed a reply to plaintiff's response. Accordingly, defendant's motion is now ready for consideration by the Court.

## DISCUSSION

Defendant argues the Court has no jurisdiction to review the denial of plaintiff's request for review under 42 U.S.C. § 405(g), which reads in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

Thus, as defendant notes, this provision "clearly limits judicial review" to a "final decision" of defendant "made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977).

The meaning of the term "final decision" in Section 405(g), however, is left to defendant "to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 766 (1975); see also Mathews v. Eldridge, 424 U.S. 319, 330 (1976) ("[U]nder s 405(g) the power to determine when finality has occurred ordinarily rests with the Secretary."). If a request for review is denied by the Appeals Council, "the decision of the ALJ represents the final decision of the Commissioner." Batson v. Commissioner of the Social Security Admin., 359 F.3d 1190, 1193 n.1 (9th Cir. 2004); see also 20 C.F.R. § 404.968, § 404.981; 20 C.F.R. § 416.1468, § 416.1481. Thus, except as provided below, the Court lacks subject-matter jurisdiction to review the denial of plaintiff's request for review of the California ALJ's decision.

ORDER - 6

There are some cases where "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment [regarding when finality in the administrative review process occurs] is inappropriate." Mathews, 424 U.S. at 330. These are cases involving challenges to defendant's decisions made "on constitutional grounds," to which is applied "the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed." Califano, 430 U.S. at 109. This is because such questions "obviously are unsuited to resolution in administrative hearing procedures," thus making access to the courts "essential" to deciding them, and "a statutory scheme" will not be interpreted as foreclosing judicial review, unless there is "clear and convincing" evidence of congressional intent to do so. Id. (citation omitted); see also Boettcher v. Secretary of Health and Human Services, 759 F.2d 719, 721 (9th Cir. 1985).

A claimant's constitutional challenge, however, must be "colorable." Boettcher, 759 F.2d at 721. A constitutional challenge that is not "'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001) (quoting Boettcher, 759 F.2d at 722)); see also Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997). "A constitutional claim is not colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous." Subia v. Commissioner of Social Security, 264 F.3d 899, 902 (9th Cir. 2001) (citation omitted); see also Boettcher, 759 F.2d at 722.

Where a claimant raises a "colorable constitutional claim of due process violation that 'implicates a due process right [either] to a meaningful opportunity to be heard,' or to seek reconsideration of an adverse benefits determination," judicial review of that claim will not be precluded. Evans, 110 F.3d at 1483 (internal citation omitted); see also Udd, 245 F.3d at 1099

ORDER - 7

(9th Cir. 2001) ("[D]ue process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied."). Here, plaintiff has alleged facts sufficient to show she was denied a meaningful opportunity to be heard by the Appeals Council.

As noted above, on December 14, 2010, after the California ALJ's decision was issued plaintiff signed a form appointing Mr. Talbot her legal representative, which was received by the SSA office in Riverside, California on December 20, 2010. On December 30, 2010, Mr. Talbot, acting as plaintiff's legal representative, sent the Appeals Council a letter requesting review of the California ALJ's decision, which was received by the Appeals Council on January 3, 2011. It was not until October 19, 2011, that the Appeals Council issued its order dismissing plaintiff's request for review, more than ten months after it had received that request. Nor is there any issue regarding the timeliness of the request.

An attorney will be recognized as a claimant's representative if the claimant "sign[s] a written notice stating [he or she] want[s] the [attorney] to be [his or her] representative in dealings with" the SSA, and the notice is filed with: (1) "one of [the SSA's] offices if [the claimant has] filed a claim or ha[s] requested reconsideration"; (2) "an [ALJ] if [the claimant] "requested a hearing"; or (3) "the Appeals Council if [the claimant has] requested a review of the [ALJ's] decision." 20 C.F.R. § 404.1707; 20 C.F.R. § 416.1507. In this case, plaintiff signed a form appointing Mr. Talbot as her legal representative, which was submitted to the SSA office in Riverside, California. See ECF #15-1, Exhibit 8. While it is not entirely clear this SSA office was the proper place to submit that form – given that an ALJ had already issued a decision, but no request for review had yet been made – defendant does not challenge its propriety. As such, the Court finds the form was properly submitted.

ORDER - 8

Once a representative has been appointed, furthermore, that representative may "[m]ake any request or give any notice about the proceedings before" the SSA. 20 C.F.R. § 404.1710(a)(4); 20 C.F.R. § 416.1510(a)(4). Accordingly, Mr. Talbot not only was plaintiff's representative at the time – and, indeed, well before – the Appeals Council issued its order dismissing the request for review, but he also had the authority to submit that request to the Appeals Council on her behalf. Thus, none of the reasons the Appeals Council gave for dismissing it – i.e., that Mr. Talbot was not plaintiff's current representative, that her signature was not on the request for review and that there was "no indication" she "wanted to request review" (ECF #15-1, Exhibit 10) – are valid or supported by the actual facts. Plaintiff thus was denied her right to challenge the decision of the California ALJ at the Appeals Council level, and thus to be meaningfully heard at that level of administrative review.

That being said, the Court agrees with defendant's alternative argument that jurisdiction has not been established, because plaintiff has not satisfied the presentment requirement. As noted above, 42 U.S.C. § 405(g) requires claimants to "obtain a final judgment" from defendant prior to "seeking judicial review." Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993); see also Heckler v. Ringer, 466 U.S. 602, 617 (1984) ("§ 405(g) is the only avenue for judicial review" for disability claims). "A final judgment consists of two elements: the presentment of a claim to [defendant] and the exhaustion of administrative remedies." Johnson, 2 F.3d at 921.

"The presentment requirement is jurisdictional, and therefore cannot be waived" Id.; see also Heckler, 466 U.S. at 617 ("§ 405(g) consists of a nonwaivable requirement that a 'claim for benefits shall have been presented to [defendant]") (quoting Mathews, 424 U.S. at 328). Further, "[t]he presentment requirement is satisfied when [the claimant] makes a claim for benefits, *and* [defendant] determines that the claimant meets the eligibility requirements for those benefits."

ORDER - 9

Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir. 1989) (emphasis added). Therefore, where the complaint does not contain any allegation that an application for benefits has been filed with the SSA – let alone that eligibility therefor has been determined – then the complaint will be deemed "jurisdictionally deficient." Mathews, 424 U.S. at 329 (concluding complaint was sufficient, as it alleged claims for benefits had been "fully presented . . . to their district Social Security Office and, upon denial, to the Regional Office for reconsideration.") (quoting Weinberger v. Salfi, 422 U.S. 749, 764-65 (1975) (internal quotation marks omitted)).

"[T]o become entitled to [disability insurance] benefits," a claimant "must apply for [such] benefits" by filing "an application that [the SSA has] prescribe[d]." 20 C.F.R. § 404.603; 20 C.F.R. § 404.611(a). With certain exceptions not applicable here, an application "is filed on the day it is received by an SSA employee at one of [the SSA's] offices or by an SSA employee who is authorized to receive it at a place other than one of [the SSA's] offices." 20 C.F.R. § 404.614(a). Applications may consist of the SSA's "traditional pre-printed forms, and applications [the SSA's] employees complete on computer screens based on information" the claimant provides. 20 C.F.R. § 422.505(a). In addition, a claimant "may also use SSA's Internet website to submit an SSA-approved application," or "complete an Internet application on a computer (or other suitable device, such as an electronic kiosk) and electronically transmit the form to [the SSA] using an SSA-approved electronic signature." Id.

In this case, plaintiff has not alleged or shown that an application for disability insurance benefits was filed with the SSA as prescribed above. Rather, as noted herein, the first time it was made known to the SSA that plaintiff was intending to establish eligibility for such benefits, was when Mr. Talbot stated such in a pre-hearing letter sent to the original ALJ in this matter. While the issue of plaintiff's eligibility for disability insurance benefits apparently was discussed at that

ORDER - 10

hearing, again there is no evidence that an actual application for such benefits was completed and submitted in the manner required by the SSA's regulations.

The SSA's regulations also do not appear to allow for a claim for disability insurance benefits to be made to or raised with an ALJ either in pre-hearing submissions or at the hearing itself. See 20 C.F.R. § 404.946. Accordingly, plaintiff has failed to establish that she actually made "a claim for benefits," which is a necessary step in satisfying the presentment requirement. Briggs, 886 F.2d at 1139. Nor has plaintiff shown – or even alleged – that defendant has made a determination that has plaintiff met "the eligibility requirements for those benefits." Id. Thus, because no claim for disability insurance benefits has been properly presented to defendant, the Court is without jurisdiction to review the Appeals Council's order dismissing plaintiff's request for review of the California ALJ's decision.

## CONCLUSION

Based on the foregoing discussion, the Court finds in lacks jurisdiction in this matter in light of plaintiff's failure to satisfy the presentment requirement contained in 42 U.S.C. § 405(g). Accordingly, defendant's motion to dismiss (ECF #13) hereby is GRANED.

DATED this 12th day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11